IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAKUR ALI ABDULLAH AL-AMIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:12-cv-00249 |
| TDOC COMMISSIONER, et al., | ) Judge Sharp |
| Defendants. | ) |

## ORDER

Plaintiff Shakur Ali Abdullah Al-Amin, a prisoner incarcerated at Riverbend Maximum Security Institution (RMSI) in Nashville, Davidson County, Tennessee, has filed a *pro se* complaint purporting to assert claims under 42 U.S.C. § 1983 against approximately fifty defendants (ECF No. 1).[1] The plaintiff has also submitted an "In Forma Pauperis Declaration," which the Court construes as an incomplete application to proceed *in forma pauperis*.[2]

As an initial matter, the Court notes that the complaint attempts to name four additional parties, besides Mr. Al-Amin, as plaintiffs, but the complaint has not been signed by any of those parties. To the extent other parties intend to pursue the claims raised by Mr. Al-Amin, they, as unrepresented parties, must personally sign the complaint and all other pleadings that are filed with the Court in their names. Fed. R. Civ. P. 11(a); *see People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917 (E.D. Pa. 1978) ("One purpose of Rule 11 is to assure that persons who are named as plaintiffs in an action actually assent to the filing of the action on their behalf."). Only Mr. Al-Amin's signature appears on the complaint. Mr. Al-Amin cannot pursue claims on behalf of other prisoners because he lacks standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989). Accordingly, the Court considers plaintiff Shakur Ali Abdullah Al-Amin to be the only proper plaintiff in this matter. The Court will **STRIKE** from the complaint allegations made on behalf of the other parties, Fed. R. Civ. P. 11(a), and the Clerk of Court is

---

[1] At least some of the claims in the complaint appear to be duplicative of those asserted in a lawsuit filed by Mr. Al-Amin on February 2, 2012, styled *Al-Amin v. Colson*, Case No. 3:12-cv-00141. That case is pending before Judge Haynes, who has not yet issued an initial order directing that the complaint either be dismissed or served on some or all of the defendants.

[2] The In Forma Pauperis Declaration was filed without a signature page attached to it, but it seems that what should have been page three (the signature page) of the In Forma Pauperis Declaration (ECF No. 2) has been filed as page ten of the complaint (ECF No. 1).

**DIRECTED** to strike from the electronic docket the reference to other plaintiffs besides Shakur Ali Abdullah Al-Amin.

Second, the plaintiff's application to proceed as a pauper has not been signed and notarized by an appropriate prison official, as required by this district's Administrative Order 93, nor was it accompanied by a certified copy of the plaintiff's trust fund-account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official at each prison in which the plaintiff has been confined during that 6-month period, as required by 28 U.S.C. § 1915(a)(2).

The Clerk of Court is **DIRECTED** to mail the petitioner a blank application to proceed *in forma pauperis* (without prepayment of fees) and a copy of Administrative Order No. 93.

The plaintiff, in turn, is **DIRECTED** to do one of the following within **30 days** of the date of his receipt of this order:

(1) pay the $350.00 filing fee in full; or

(2) complete this court's form Application to Proceed *in forma pauperis* in accordance with Administrative Order No. 93 and 28 U.S.C. § 1915(a)(1) and (2), and return the properly completed application along with the certified trust-fund account statement to the district court.

The plaintiff is forewarned that if he does not comply with this order within the time frame specified, the court will be required to assess the fee against him anyway, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and the action will be dismissed for failure to prosecute and for failure to comply with the Court's order. An extension of time to comply with this order may be requested from the Court if a motion for an extension of time is filed within **30 days** of the date of the plaintiff's receipt of this order.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge